UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 5:11-CR-29-JMH-HAI-1 |
| | ) | No. 5:14-CV-7368-JMH-HAI |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| JAMES NORMAN TUREK, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |
| | ) | |

*** *** *** ***

On September 17, 2014,[1] Defendant James Norman Turek, proceeding pro se, filed a motion seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. D.E. 83. After full briefing by the parties, Defendant's motion became ripe for review on January 12, 2015. D.E. 86; D.E. 90.

On July 14, 2015, Defendant filed an Amended Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255. D.E. 91. Defendant describes that filing as "a follow-up for consideration to my motion dated December 2014."[2] *Id*. at 2. Further, Defendant characterizes this filing as an "amended response to Turek's original response to the Government's motion in opposition to vacate sentence." *Id*. at 7. For these reasons, the Court

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002). Here, Turek affirmed under penalty of perjury that he placed the Motion in the prison mailing system on September 17, 2014. D.E. 83 at 13.

[2] Defendant's only filing in December 2014 was a Motion Requesting Extension of Time to Respond to U.S. Opposition to Turek's Motion to Vacate Sentence. D.E. 88. The Court granted that extension (D.E. 89), and Defendant filed his reply on January 8, 2015. Therefore, the Court reads "my motion dated December 2014" to refer to Defendant's reply memorandum.

construes this filing (D.E. 91) not as an amended motion to vacate, but as an amended reply memorandum in support of his motion to vacate.

Rule 12 of the Rules Governing Section 2255 Proceedings provides in relevant part that "[t]he Federal Rules of Civil Procedure . . . to the extent that they are not inconsistent with any statutory provision or these rules, may be applied to a proceeding under these rules." Federal Rule of Civil Procedure 15(a)(1)(A), which generally applies to § 2255 proceedings, *see, e.g., Hodge v. United States*, 2011 WL 3565227, at *8 (M.D. Tenn. Aug. 15, 2011) ("As a general proposition, Rule 15 of the Federal Rules of Civil Procedure applies to Motions to Amend under Section 2255."), provides in relevant part that "[a] party may amend its pleading once as a matter of course within 21 days after serving it." Fed.R.Civ.P. 15(a)(1)(A). Alternatively, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2) (noting that "[t]he court should freely give leave when justice so requires.").

Defendant's amended reply was filed more than five months outside the 21-day period to amend a pleading as a matter of course. Additionally, Defendant has not requested the Court's leave to file an amended reply. Though Defendant explains that he has suffered "limitations for research, access to needed documents, and lack of word processing equipment" (D.E. 91 at 2), he has not provided any meaningful explanation as to why he was not able to raise the arguments contained in the amended reply initially. Further, the Court notes that Defendant was granted an extension of time to file his reply in an attempt to alleviate some of his above-quoted concerns. D.E. 89. To allow the amended reply at this late date would prejudice the government in a matter that is already fully briefed and ripe for decision. Additionally, Defendant attempts to raise new claims in his amended reply, one of which being his claim of ineffective assistance of

2

counsel for failing to hire a forensic accountant. This claim was in no way raised in his motion to vacate, or even his reply, for that matter. Therefore, denying Defendant's amendment is dispositive as to those new claims per 28 U.S.C. § 636(b)(1)(B), necessitating a Report and Recommendation from the undersigned.

Because Defendant may not amend his reply as a matter of course and leave to amend has not been granted, **IT IS HEREBY RECOMMENDED** that Defendant's amended reply memorandum (D.E. 91) be **STRICKEN** from the record and that any newly asserted claims be **DENIED WITHOUT PREJUDICE**. Of course, Defendant's claims as originally asserted remain pending.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 17th day of July, 2015.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge

3