UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 5:11-CR-29-JMH-HAI-1 |
| | ) | No. 5:14-CV-7368-JMH-HAI |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| JAMES NORMAN TUREK, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |
| | ) | |

*** *** *** ***

On September 17, 2014,[1] Defendant James Norman Turek, proceeding pro se, filed a motion seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  D.E. 83.  The United States filed a Response (D.E. 86), to which Turek has filed a Reply (D.E. 90). Pursuant to local practice and 28 U.S.C. § 636(b)(1)(B), this matter was referred to the undersigned for a recommended disposition.  For the reasons that follow, Turek has failed to establish that he is entitled to relief pursuant to 28 U.S.C. § 2255.  Therefore, the Court **RECOMMENDS** that his motion be **DENIED**, and that no Certificate of Appealability be issued.

## I.   BACKGROUND

### A.  Pre-trial Proceedings

On March 3, 2011, a federal grand jury returned an indictment as to James Norman Turek.  D.E. 1.  Counts One through Eight charged Turek with securities fraud in violation of 15

---

[1] This filing date reflects the prison mailbox rule.  *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002).  Here, Turek affirmed under penalty of perjury that he placed the Motion in the prison mailing system on September 17, 2014.  D.E. 83 at 13.

U.S.C. §§ 78j(b) and 78ff(a), and aiding and abetting of the same in violation of 18 U.S.C. § 2.
*Id*. at 6-9.   Counts Nine and Ten charged Turek with tax fraud in violation of 26 U.S.C. §
7206(1).   *Id*. at 9-10.   Counts Eleven through Thirteen charged Turek with tax fraud in violation
of 26 U.S.C. § 7206(2).   *Id*. at 10-11.   On Counts One through Eight, Defendant faced a statutory
maximum of twenty years of incarceration, a fine of up to $5,000,000.00, and no more than
three years of supervised release.   *See* 15 U.S.C. § 78ff(a); 18 U.S.C. § 3583(b)(2).   On Counts
Nine through Thirteen, Defendant faced a statutory maximum of three years of incarceration, a
fine of up to $250,000, and no more than one year of supervised release.   *See* 26 U.S.C. § 7206;
18 U.S.C. § 3583(b)(3).

At Turek's initial appearance in this District and arraignment on March 25, 2011,
Elizabeth Snow Hughes was appointed as Defendant's attorney pursuant to the Criminal Justice
Act.   D.E. 10.   Defendant pled not guilty and was released under conditions.   *Id*.

## B.  Trial and Sentencing

Defendant's trial began on June 11, 2012, and lasted ten days.   D.E. 32; D.E. 33; D.E. 34;
D.E. 35; D.E. 36; D.E. 37; D.E. 38; D.E. 39; D.E. 40; D.E. 42.   The jury returned a verdict of
guilty as to all thirteen counts of the indictment.   D.E. 45.   At sentencing, Ms. Hughes's oral
motion for a variance below the Guidelines Range was granted (D.E. 59), and Turek was
sentenced to a total of 216 months of imprisonment (D.E. 61 at 3).   Defendant's Guidelines
Range was calculated as 324 to 405 months.   D.E. 77 at 8.

## C.  Post-conviction Proceedings

Turek filed a notice of appeal to the Court of Appeals for the Sixth Circuit on October 17,
2012.   D.E. 62.   On January 31, 2013, a letter was sent to Joseph M. West appointing him as
counsel for Turek pursuant to the Criminal Justice Act.   D.E. 65.   On appeal, Turek argued that

the district court erred in its assessment of his sentence-level enhancements as to the number of victims harmed and the total amount of loss. D.E. 80 at 1. The Sixth Circuit, noting that Turek failed to object to the presentence report, accepted the facts stated in the report as true and reviewed for plain error as required by the applicable Sixth Circuit case law. *Id*. at 3. Finding no plain error with respect to the amount of the loss or the number of victims in the record below, the Sixth Circuit affirmed the judgment of the district court. *Id*. at 4-6.

In his section 2255 motion, Turek asserts three grounds for relief: 1) Chief Judge Coffman erred by not recusing from Turek's case; 2) Turek was denied effective assistance of trial counsel; and 3) Chief Judge Coffman erred by declining to calculate the amount of loss and waiving mandatory restitution pursuant to 18 U.S.C § 3663A(c)(3)(A) and (B). D.E. 83-1. Turek requests "a remand of sentence and set for oral argument." *Id*. at 9. Turek's broad claim of ineffective assistance of counsel can be broken down into the following subclaims: a) Turek was denied effective assistance of trial counsel by Ms. Hughes's inadequate preparation; b) Turek was denied effective assistance of trial counsel by Ms. Hughes's failure to object to Turek's sentence; c) Turek was denied effective assistance of trial counsel by Ms. Hughes's failure to object to an improperly calculated Guidelines Range; and d) Turek was denied effective assistance of trial counsel by Ms. Hughes's failure to object to the Presentence Investigation Report's calculation of the amount of tax loss. *Id*. at 3-6.

Turek filed a memorandum containing additional authority on October 8, 2014, in support of "his argument that his conviction rests upon speculation." D.E. 85. Citing eleven cases, he argued that "the government offered no direct evidence of [his] guilt." *Id*. at 1. Because Turek filed this memorandum of additional authority (D.E. 85) nineteen days after the filing of his Motion to Vacate (D.E. 83), such filing complies with Federal Rule of Civil

Procedure 15(a)(1)(A), and will be construed as an amendment to his Motion to Vacate and considered by the Court.

The United States filed its response on October 27, 2014.  D.E. 86.  The Court then ordered Turek to file any reply on or before December 12, 2014.  D.E. 87.  Turek moved for an extension of time to file his reply (D.E. 88), and the Court ordered him to file any reply on or before January 9, 2015.  D.E. 89.  Turek filed his reply on January 8, 2015.[2]  In addition to the claims raised in his motion to vacate, Turek raised the following in his reply: 1) Turek was denied effective assistance of trial counsel by Ms. Hughes's failure to call ten specific witnesses; 2) Turek was denied effective assistance of trial counsel by Ms. Hughes's failure to familiarize herself with the discovery materials; 3) Turek was denied effective assistance of trial counsel by Ms. Hughes's failure to demonstrate that attorney Carmine Bua, and not Turek, was the guilty party; 4) Carmine Bua, without Turek's knowledge, transferred Plasticon stock into the name of Turek's aunt (Irene Turek) after her death; 5) Carmine Bua and Big Apple, without Turek's knowledge, issued false press releases; 6) Turek did not back-date promissory notes; 7) Turek did not receive any money from Plasticon or any other entity, the evidence did not indicate that Turek owed any federal income tax, and the taxes "charged" to Turek "came from a probation officer in a P.S.R;" and 8) Turek is actually innocent.  D.E. 90 at 6-8.

On July 14, 2015, Turek filed an Amended Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255.  D.E. 91.  The Court construed this filing as an amended reply memorandum in support of Turek's motion to vacate.  D.E. 92 at 1-2.  Because a defendant may not amend his reply as a matter of course and because Turek did not seek leave to amend, the Court recommended that District Judge Hood strike the amended reply memorandum from

---

[2]  This filing date reflects the prison mailbox rule.  *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002).  Here, Turek affirmed under penalty of perjury that he placed the Motion in the prison mailing system on January 8, 2015.  D.E. 90 at 10.

the record and deny any newly asserted claims without prejudice.  D.E. 92.  On August 7, 2015,

Judge Hood adopted the undersigned's recommendation.  D.E. 93.

## II.  ANALYSIS

### A.  Right to Collateral Attack

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief because a sentence

violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a

sentence, or the sentence exceeds the maximum authorized by law.  28 U.S.C. § 2255.  To

prevail on a section 2255 motion alleging constitutional error, a defendant must establish that the

error had a "substantial and injurious effect or influence on the proceedings."  *Watson v. United

States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637

(1993)).  By contrast, to obtain habeas relief based on an alleged non-constitutional error, a

defendant must establish a "fundamental defect which inherently results in a complete

miscarriage of justice or an error so egregious that it amounts to a violation of due process."  *Id.*

at 488 (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).  As the section 2255 movant, a

defendant bears the burden of proving his or her allegations by a preponderance of the evidence.

*McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam) ("Defendants seeking

to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their

contentions by a preponderance of the evidence.").

The Court shall hold an evidentiary hearing unless "the files and records of the case

conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  Further, "no

hearing is required if the petitioner's allegations 'cannot be accepted as true because they are

contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'"

*Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

Additionally, the Court recognizes that Defendant is proceeding pro se, or without the assistance of an attorney.  Pro se motions receive a comparatively lenient construction by the Court.  *Castro v. United States*, 540 U.S. 375, 381-83 (2003); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985).

## B.  Procedural Default

A federal prisoner's failure to raise a claim on direct appeal, excepting claims of ineffective assistance of counsel, results in a procedural default of that claim.  *Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001).  As such, Turek was required to bring his claims under Ground One, Ground Three, and concerning the sufficiency of the evidence on direct appeal or default those claims.  The Supreme Court has created exceptions to this rule for a defendant who can either show cause to excuse his failure to raise the claim on direct appeal and actual prejudice resulting from the alleged violation, or actual innocence.  *Bousley*, 523 U.S. at 622; *Peveler*, 269 F.3d at 698–700.  If the prisoner fails to establish cause, it is unnecessary to determine if he was prejudiced.  *Bousley*, 523 U.S. at 623.

Turek did not raise his recusal claims in Ground One at trial or on direct appeal, and he has not offered any cause for failing to do so.  Therefore, Turek's claims under Ground One are procedurally defaulted and will not be considered on their merits.

Similarly, Turek was required to assert his sufficiency of the evidence claims contained in his submission of additional authority on direct appeal or default those claims as well.  Included in this category of claims are Turek's assertions in his reply, listed as claims four

through seven in the above-paragraph describing his reply, because the Court construes them as concerning the sufficency of the evidence at trial.  *See* D.E. 90 at 4-8.  Because Turek has not offered any cause for failing to assert a sufficiency of the evidence claim on direct appeal, such claims are procedurally defaulted and will not be considered on their merits.

In any case, were Turek's challenge to the sufficiency of the evidence not procedurally defaulted, such a claim is not cognizable in a section 2255 motion.  *See Buchanan v. United States*, 191 F.3d 451 (6th Cir. 1999) (No. 98-135) (internal citation omitted) ("Generally, a challenge to the sufficiency of the evidence is not cognizable under § 2255.").

Finally, Turek was required to assert his claim in Ground Three that Chief Judge Coffman erred by not ordering restitution on direct appeal or default that claim.  Because Turek has not offered any cause for failing to assert this claim either, it is procedurally defaulted and will not be considered on the merits.  As with a challenge to the sufficiency of the evidence, were the Court to find Turek had not procedurally defaulted his restitution challenge, a challenge to a restitution order is not cognizable in a section 2255 motion.  *See Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996) (holding that "nonconstitutional errors ordinarily are not cognizable on collateral review"); *Mamone v. United States*, 559 F.3d 1209 (11th Cir. 2009) (holding that section 2255 cannot be used to challenge restitution).

It does not appear that Turek intended to raise the issue of actual innocence in order to excuse procedural default. However, because Turek raises a freestanding claim of actual innocence and the law provides that actual innocence may excuse procedural default, the Court has considered the issue.  As will be explained below, Turek cannot make such a showing of actual innocence.  Therefore, the actual innocence exception does not apply, and Turek cannot overcome procedural default.

## C. Ineffective Assistance of Counsel

Turek's procedural default means only his claims of ineffective assistance of counsel are properly before the Court.  When asserting an ineffective assistance of counsel claim, a defendant must prove both deficient performance and prejudice.  *Strickland v. Washington*, 466 U.S. 668 (1984); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (noting that a defendant must prove ineffective assistance of counsel by a preponderance of the evidence).  In order to prove deficient performance, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Strickland*, 466 U.S. at 687.  A defendant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances."  *Id*. at 688.  Judicial scrutiny of counsel's performance, however, is "highly deferential," consisting of a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*. at 689.  Notably, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  *Id*.

Deficient performance is considered constitutionally prejudicial only when "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Id*. at 688.  In order to prove prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.  Thus, "[a]n error by counsel, even if professionally unreasonable,

does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. When evaluating prejudice, courts generally must take into consideration the "totality of the evidence before the judge or jury." *Id*. at 695. Courts may approach the *Strickland* analysis in any order, and an insufficient showing on either prong ends the inquiry. *Id*. at 697.

### i.   Claim of inadequate preparation

Turek's argument that he suffered from ineffective assistance of counsel due to his counsel's inadequate preparation is without merit. Turek asserts that he was denied effective assistance of counsel because Ms. Hughes was "not mentally adequate," was "not prepared," and was "not effective." D.E. 83-1 at 4. More specifically, Turek argues that Ms. Hughes indicated she was not prepared for trial when she requested a continuance. D.E. 83-1 at 4-5.

At the beginning of the first day of trial, Ms. Hughes called the court's attention to her previously-filed fourth Motion to Continue (D.E. 28), which the district court had denied on June 4, 2012 (D.E. 30). D.E. 68 at 4-5. Chief Judge Coffman noted that fifteen months had passed since the return of the indictment, stated that she "had to deny the motion," and indicated that she would revisit the issue during the trial if there was some indication that Ms. Hughes was not prepared or could not proceed. *Id*. Turek's motion cites portions of the following colloquy between the district court and Ms. Hughes:

THE COURT:          Ms. Hughes, any issues from your perspective?

MS. HUGHES:      Well, I feel like I need to advise the Court that, you know, I filed a motion to continue, and my client believes that we haven't spent enough quality time together to prepare. I tend to agree. I don't feel like I'm my normal self. I respect the Court's ruling, and we are here ready to proceed today.

D.E. 68 at 4.  He also cites a quote from Ms. Hughes's Motion to Continue Trial:

> Counsel is simply not ready to proceed to trial at this time.  If the Court will allow this one final continuance, no other continuance will be expected.  Counsel also recognizes that the relief sough is unusual, in that the Court does not look with favor upon so many continuances; however, if this matter proceeds to trial at this juncture, the representation of the Defendant would simply not be adequate or effective.

D.E. 28 at 1-2.  Finally, Turek notes that Ms. Hughes stated "my client wants me to ask for a break so we can have additional time due to my not getting it together for all the things that he believes ought to be done for the defense."  D.E. 73 at 226.

In his reply, Turek expands upon this claim by arguing that Ms. Hughes was ineffective for her "failure to investigate, locate and present potential witnesses,"[3] her "failure to investigate and locate individual claims agianst [sic] Mr. Turek," and her failure "to familiarize herself with the discovery materials provided by the Government." D.E. 90 at 2-3.

Turek cannot show deficient performance simply by citing to Ms. Hughes's statements concerning continuing the trial.  Though Ms. Hughes's Motion to Continue Trial (D.E. 28) was denied, Judge Coffman indicated at the beginning of the trial, "I will revisit [that motion] if during the trial I see some indication that – that you can't proceed or you're ill prepared."  D.E. 68 at 5.  With the exception of the request for a continuance on the sixth day of trial, which Judge Coffman granted, Turek has pointed to nothing in the record that would suggest Ms. Hughes was not ready to proceed or how he was prejudiced thereby.   After that short continuance, Ms. Hughes stated on the morning of the seventh day of trial that she was ready to begin.  D.E. 74 at 2.  Without more, this argument is nothing but a conclusory allegation, which fails to establish any entitlement to section 2255 relief.  *See Elzy v. United States*, 205 F.3d 882,

---

[3]  Turek listed the following potential witnesses whom he believes Ms. Hughes should have located, investigated, and presented: (1) William Howe; (2) Carmine Bua; (3) Big Apple; (4) Mandoza Berger & Co., LLP; (5) Representative from SEC; (6) Marc Jablon; (7) Mark Kaley; (8) Mathew Maquire; (9) MJMM; and (10) Keith Jablon.  D.E. 90 at 2.

886 (6th Cir. 2000) (finding that a conclusory statement is insufficient to raise the issue of ineffective assistance of counsel); *see also Robinson v. United States*, 582 F. Supp. 2d 919, 926 (N.D. Ohio 2008) (citing with approval several cases holding that vague and conclusory assertions in a section 2255 motion are insufficient to warrant relief).

Turek cannot show deficient performance or prejudice for Ms. Hughes's "failure to investigate, locate and present potential witnesses," "failure to investigate and locate individual claims agianst [sic] Mr. Turek," or failure to "familiarize herself with the discovery materials provided by the government."  D.E. 90 at 2-3.

At the outset, Turek does not suggest that he provided Ms. Hughes with the names of the witnesses he believed she should have located, investigated, and presented.  Moreover, even if he did, when a defendant claims that his attorney failed to call a witness at trial, he must "[a]t the very least . . . submit sworn affidavits from each of the individuals he has identified as uncalled witnesses stating whether they were in fact available to appear at trial and able to give testimony favorable to [the] defense." *Talley v. United States,* No. 1:00-cv-74, 2006 WL 3422997, at *10 (E.D. Tenn. Nov. 27, 2006); *see also United States v. Ashimi,* 932 F.2d 643, 650 (7th Cir. 1991) ("Under whatever framework, however, evidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit.  A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim.").  Having failed to present such affidavits, the Court cannot make any real assessment of how any testimony from the unidentified defense witnesses would have affected the outcome of the trial.  Thus, Turek has not sufficiently shown prejudice and this claim fails.

Finally, Turek's offers no factual foundation whatsoever to support his claim that Ms. Hughes failed to familiarize herself with the discovery materials. As discussed previously, such conclusory allegations fail to establish any entitlement to section 2255 relief. *See Elzy*, 205 F.3d at 886; *see also Robinson*, 582 F. Supp. 2d at 926.

### ii.   Claim of failure to object at sentencing

Turek claims that Ms. Hughes provided ineffective assistance of counsel during sentencing for three reasons. First, he asserts that she failed to object to his sentence. D.E. 83-1 at 5. Second, he asserts that she failed to object to the district court's improper calculation of his advisory Guidelines Range. *Id*. However, Turek's offers no factual foundation or authority whatsoever to support either of these claims.

Third, he asserts that Ms. Hughes failed to object to the Presentence Investigation Report with regard to the amount of tax loss attributed to him. *Id*. at 5-6.

In support of this last claim, Turek cites *United States v. Peppel*, No. 3:06-CR-196, 2011 WL 3608139, at *5 (S.D. Ohio Aug. 16, 2011) (citing *United States v. Jones*, 641 F.3d 706 (2011)), and *Alleyne v. United States*, 133 S.Ct. 2151, 2155 (2013). Without any further factual support or argument, Turek cites *Peppel* for the proposition that "the fact and the amount of loss cannot be based on speculation or mere guesswork," but must be established by a preponderance of the evidence. *Peppel*, 2011 WL 3608139, at *5. He then argues that *Alleyne* was violated because facts found by Judge Coffman by a preponderance of the evidence were purportedly used to "impose a minimum mandatory sentence[.]" D.E. 83-1.

Each of the claims described above under this section is nothing more than a conclusory allegation which, as noted twice previously, fails to establish any entitlement to section 2255 relief. *See Elzy*, 205 F.3d at 886; *see also Robinson*, 582 F. Supp. 2d at 926.

12

Moreover, with regards to Turek's attacks on Ms. Hughes's failure to object to the Guidelines Range or the sentence-level enhancement assessed for total amount of loss, those issues were raised and dismissed on direct appeal. *See* D.E. 80 at 1. A section 2255 defendant may not relitigate issues raised on direct appeal absent highly exceptional circumstances, such as intervening changes in law. *See, e.g.*, *DuPont v. United States*, 76 F.3d 108, 110-11 (6th Cir. 1996). That rule will not be ignored simply because Turek frames this claim within a claim of ineffective assistance of counsel.

Finally, Turek's *Alleyne* claim fails because he cannot demonstrate deficient performance. The Court construes the claim as arguing that Ms. Hughes should have raised the *Alleyne* objection and was deficient in failing to do so. "[C]ounsel's failure to raise futile objections and arguments does not amount to constitutionally deficient performance." *Lyons v. Caruso*, 202 F.3d 269 (6th Cir. 1999) (Table). Given that Turek never faced a mandatory minimum, *Alleyne* would not apply and any such objection would have been frivolous. *See, e.g.* D.E. 1 at 12 (potential penalties described in indictment); D.E. 77 at 8 (potential penalties described by Judge Coffman at sentencing). Therefore, given her status as an officer of the Court, Ms. Hughes could not assert such an objection in good faith, her performance was not deficient, and this claim fails.

### D. Actual Innocence

In order to prevail on a claim of actual innocence, "'a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Souter*, 395 F.3d at 590 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Significantly, "actual innocence means *factual* innocence, not mere legal insufficiency." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)) (internal quotations omitted)

(emphasis added).  "To be credible, such a claim requires [Turek] to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

In his memorandum containing additional authority at Docket Entry 85, Turek argues that "his conviction rests upon speculation," and "[t]he government can only point to speculation of a crime and Mr. Turek's proximity to it."  D.E. 85 at 1.  He asserts that the government "failed to adduce any evidence of Mr. Turek's knowledge or intent either to commit the crime or to aid and abet crime."  *Id*. at 1-2.  In his reply, aside from stating the standard by which the Court should consider a claim of actual innocence, Turek does little more than assert that he "is 'actually innocent' of the sentence imposed."  D.E. 90 at 7.  He notes that "Big Apple, MJMM, and the officers of Big Apple that were in control of Plasticon stock were all found guilty of a pump-and-dump scheme by the SEC."  *Id*.  Turek attached a number of exhibits to his reply in an attempt to support that statement.  D.E. 90-1.  He notes that this investigation started "well before" his own, but adds no additional facts to support that he was innocent.  *Id*.

Turek's claim of "actual innocence" falls far short of the type of "extraordinary case" that would meet the standard for a claim of actual innocence as described in *Souter* and *Schlup*.  Here, Turek does little more than make conclusory allegations that he is innocent.  Moreover, the exhibits he attached to his reply purportedly establishing that his previously-mentioned cohorts were guilty of securities fraud are neither new nor exculpatory.  Turek's claim that he is actually innocent is therefore without merit.

### III. AN EVIDENTIARY HEARING IS NOT REQUIRED

Turek has not expressly requested an evidentiary hearing. "An evidentiary hearing is required unless 'the record conclusively shows that the petitioner is entitled to no relief.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996)). Here, the record conclusively shows that Turek is entitled to no relief. Thus, an evidentiary hearing is not required.

### IV. CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 335–38 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *see Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). For dismissals on procedural grounds, as to when a Certificate of Appealability should issue, a movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court has considered the issuance of a Certificate of Appealability as to each and every claim presented by Turek. However, no reasonable jurist would find the assessments on the merits above to be wrong or debatable; thus, no Certificate of Appealability should issue.

Moreover, several of Turek's claims are procedurally barred, but no jurist of reason would find that the question of whether the motion states a valid claim of the denial of a constitutional right is debatable.  Nor would any jurist of reason find the correctness of the procedural rulings above to be debatable.

## V.  RECOMMENDATION

For the reasons discussed above, the Court **RECOMMENDS** that the District Court **DENY** Turek's motion for 28 U.S.C. § 2255 relief (D.E. 83).  The Court also **RECOMMENDS** that the District Court **DENY** a Certificate of Appealability as to all claims.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute.  *See also* Rules Governing Section 2255 Proceedings, Rule 8(b).  Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court.  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 18th day of August, 2015.

**Signed By:**

*Hanly A. Ingram*

**United States Magistrate Judge**