UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Case No. |
| | ) | 5:11-cr-29-JMH-HAI |
| v. | ) | 5:14-cv-7368-JMH-HAI |
| | ) | |
| JAMES NORMAN TUREK, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\*

This matter is before the Court upon the Recommended
Disposition of Magistrate Judge Hanly A. Ingram.  [DE 95].
Defendant James Norman Turek filed a Motion to Vacate, Set Aside,
or Correct his sentence pursuant to 28 U.S.C. § 2255, which matter
has been fully briefed by Defendant and the United States.  [DE
83-1, 86, 90].  Consistent with local practice, the matter was
then referred to Magistrate Judge Ingram for a recommended
disposition.  The Magistrate Judge filed his Recommended
Disposition on August 18, 2015 [DE 95], and Defendant timely filed
his objections to the Recommended Disposition on September 15,
2015 [DE 100] as permitted by this Court's time extension.  [DE
99].  This matter is now ripe for the Court's consideration.  Upon
a review of the Magistrate Judge's findings and the record below
as necessary, the Court agrees with the Magistrate Judge's
Recommended Disposition.  Furthermore, as recommended by the

Magistrate Judge, the Court declines to grant an evidentiary hearing or issue a certificate of appealability.

## I.   Procedural History

### A. Pre-trial Proceedings

On March 3, 2011, a federal grand jury returned an indictment as to James Norman Turek ("Defendant").  [DE 1].  Counts One through Eight charged Defendant with securities fraud in violation of 15 U.S.C. §§ 78j(b) and 77ff(a) and aiding and abetting of the same in violation of 18 U.S.C. §2. *Id.* at 6-9. Counts Nine and Ten charged Defendant with tax fraud in violation of 26 U.S.C. § 7206(1).  *Id*. at 9-10.  Counts Eleven through Thirteen charged Defendant with tax fraud in violation of 26 U.S.C. § 7206(2).  *Id*. at 10-11.  At Defendant's initial appearance and arraignment on March 25, 2011, Elizabeth Snow Hughes was appointed as Defendant's attorney pursuant to the Criminal Justice Act. [DE 10].  Defendant pled not guilty and was released under conditions.  *Id*.

### B. Trial and Sentencing

Defendant's trial began on June 11, 2012 and lasted ten days. [DE 32-40, 42].  The jury returned a verdict of guilty as to all thirteen counts of the indictment.  [DE 45].  At sentencing, Ms. Hughes's oral motion for a variance below the Guidelines Range was granted [DE 59], and Defendant was sentenced to a total of 216 months of imprisonment.  [DE 61 at 3].  Defendant's Guidelines Range was calculated as 324 to 405 months.  [DE 77 at 8].

### C. Post-Conviction Proceedings

On October 17, 2012, Defendant filed a notice of appeal to the Court of Appeals for the Sixth Circuit. [DE 62]. On January 31, 2013, Joseph M. West was appointed counsel for Defendant pursuant to the Criminal Justice Act. [DE 65]. On appeal, Defendant argued that the district court erred in its assignment of his sentence-level enhancement as to the number of victims harmed and the total amount of loss. [DE 80 at 1]. The Sixth Circuit noted that Defendant failed to object to the presentence report and accepted the facts stated in the report as true. *Id*. at 3. Reviewing for plain error, the Sixth Circuit found no plain error with respect to the amount of the loss or the number of victims in the record below, and affirmed the judgment of the district court. *Id*. at 4-6.

### D. Motion to Vacate and Objections

On September 17, 2014, Defendant, proceeding pro se, filed a motion seeking to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. [DE 83]. On October 8, 2014, Defendant filed a memorandum containing additional authority, which the Court construed as a timely amendment to his motion to vacate, set aside or correct his sentence. [DE 85]. Following the response of the United States filed on October 27, 2014 [DE 86], Defendant timely filed his reply on January 8, 2015 in accordance with the Court's time extension. [DE 89]. On July 14,

3

2015, without seeking leave to amend, Defendant filed an Amended Motion to Vacate, Set Aside or Correct a Sentence Pursuant to 28 U.S.C. § 2255 [DE 91], which this Court, upon recommendation from the Magistrate Judge [DE 92], struck from the record with a denial of any newly asserted claims with prejudice. [DE 93].

In his § 2255 motion, Defendant requests a remand of his sentence and an oral argument, and asserts the following grounds for relief: (1) Chief Judge Coffman erred by not recusing from Defendant's case; (2) Defendant was denied effective assistance of trial counsel; and (3) Chief Judge Coffman erred by declining to calculate the amount of loss and waiving mandatory restitution pursuant to 18 U.S.C. § 3663A(c)(3)(A) and (B). [DE 83-1].  As additional grounds for relief, in his amendment to his § 2255 motion and reply, Defendant asserts that his conviction rests upon speculation and insufficient evidence and that he is actually innocent.  [DE 85; DE 90].

The Magistrate Judge found that Defendant has failed to establish that he is entitled to relief pursuant to 28 U.S.C. § 2255 and recommends that the District Court deny Defendant's motion.  [DE 95 at 15-16].  The Magistrate Judge further recommends that a evidentiary hearing is not required and that the District Court should deny a certificate of appealability as to all of Defendant's claims.  *Id.*

4

As discussed more fully below, Defendant objects to the following four categories of the Recommended Disposition: (1) trial counsel's preparedness; (2) the actual innocence of Defendant; (3) Defendant's right to oral argument; and (4) denial of a certificate of appealability.  [DE 100].

## II. Standard of Review

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's Recommended Disposition.  Fed. R. Civ. P. 72(b)(2); *see also* 23 U.S.C. § 636(b)(1)(c).  If objections are made, "[t]he district judge must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  Objections must be stated with specificity.  *See Thomas v. Arn*, 474 U.S. 140, 151 (1985).  "[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review."  *Carson v. Hudson*, 421 F. App'x 560, 563 (6th Cir. 2011) (quoting *Souter v. Jones*, 395 F.3d 577, 585–86 (6th Cir. 2005))(internal quotations omitted).  As to those portions of a recommendation to which no objection has been made, the Court will review the Magistrate Judge's findings and recommendation for clear error.  *See* Advisory Committee Notes 1983 Addition to Federal Rule of Civil Procedure 72 ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation."); *see also Thomas*, 474 U.S. at 150 ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

Since plaintiff proceeds pro se, his pleadings are held to a less stringent standard than those prepared by an attorney and are liberally construed in his favor. *See Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004).

## III. Analysis

### A.   Findings to which Defendant Has Not Objected.

The Court will first evaluate those portions of the Recommended Disposition to which objections have not been made under a clearly erroneous standard.

#### 1.   Recusal (Ground One)

Defendant alleges in Ground One of his motion to vacate that Chief Judge Coffman erred by not recusing from Defendant's case. [DE 83-1 at 2-3].  As the Magistrate Judge correctly found in his Recommended Disposition, Defendant did not raise his recusal claim at trial or on direct appeal. [DE 95 at 6]. "[C]laims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless Defendant shows: (1) cause and actual prejudice to excuse his failure to raise the

6

claims previously; or (2) that he is 'actually innocent' of the crime." *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013)(citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Without a showing of cause and prejudice or actual innocence, a federal prisoner's failure to raise a claim on direct appeal results in a procedural default of that claim. *See Bousley*, 523 U.S. at 621; *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). Because Defendant has offered no cause for failing to raise his recusal claim on appeal, the Court finds no clear error in the Magistrate Judge's finding that Defendant's claims under Ground One are procedurally defaulted [DE 95 at 6] and overrules Defendant's objections to these findings.

### 2. Restitution (Ground Three)

Ground Three of Defendant's § 2255 motion alleges that Chief Judge Coffman erred by declining to calculate the amount of loss and waiving mandatory restitution pursuant to 18 U.S.C. § 3663A(c)(3)(A) and (B). [DE 83-1 at 7-8]. As to this claim, the Magistrate Judge found that because Defendant did not assert his claim on this ground on direct appeal, and has not offered any cause for failing to assert that claim, it is procedurally defaulted and not considered on the merits. [DE 95 at 7]. The Magistrate Judge further concludes that even if the Court were to find that Defendant had not procedurally defaulted his restitution challenge, a challenge to a restitution order is not cognizable in

7

a § 2255 motion. *Id.; see Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996)(holding that "nonconstitutional errors ordinarily are not cognizable on collateral review"); *see also Mamone v. United States*, 559 F.3d 1209, 1211 (11th Cir. 2009)(holding that a section 2255 cannot be used to challenge restitution). Having reviewed these findings for clear error, the Court finds no clear error in the Magistrate Judge's findings as to Ground Three and overrules Defendant's objections thereto.

### 3.   Sufficiency of the Evidence

In his amendment to his motion to vacate, Defendant argues that his conviction rests upon speculation and that the government offered no direct evidence of his guilt. [DE 85 at 1]. In his reply, Defendant offers the following additional evidence in support of his sufficiency of the evidence claim: attorney Carmine Bua, without Defendant's knowledge, transferred Plasticon stock to Defendant's deceased aunt; Carmine Bua and Big Apple, without Defendant's knowledge, issued false press releases; Defendant did not back-date promissory notes; Defendant did not receive money from Plasticon or any other entity; the evidence did not indicate Defendant owed any federal income tax; and the taxes charged to Defendant came from a probation officer in P.S.R. [DE 90 at 6-8].

As the Magistrate Judge properly found, because Defendant failed to assert his sufficiency of the evidence claim on direct

appeal, and because Defendant has not offered any reason for failing to do so, those claims are procedurally defaulted. [DE 95 at 6-7]. In addition, the Magistrate Judge correctly concludes that Defendant's sufficiency of the evidence challenge is not cognizable in a § 2255 motion. *Id.* The Court finds no clear error in the Magistrate Judge's findings as to Defendant's sufficiency of the evidence claim and overrules Defendant's objections thereto.

### 4. Ineffective Assistance of Counsel (Ground Two)

In Ground Two of his § 2255 motion, Defendant alleges he was denied effective assistance of counsel by Ms. Hughes's failure to accurately communicate at trial and failure to object at sentencing. [DE 83-1 at 3-7]. Ineffective assistance of counsel claims are generally properly raised in a § 2255 proceeding rather than on direct appeal. *See United States v. Gardner*, 417 F.3d 541, 545 (6th Cir. 2005). Defendant does not object to the Magistrate Judge's findings as to the ineffective assistance of counsel claims raised in his original § 2255 motion to vacate, thus, this claim will be reviewed for clear error.[1]

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall

---

[1] Petitioner raises additional ineffective assistance of counsel claims in his reply brief and objects to the findings of the Magistrate Judge as to these claims. The new claims and the objections thereto are addressed below in Section B. Findings to Which Petitioner Has Objected.

enjoy the right . . . to have the Assistance of Counsel for his defense." *U.S. Const. amend*. VI.  To show a violation of the Sixth Amendment right to effective assistance of counsel, a Defendant must establish (1) that his attorney's performance was deficient and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness."  *Id*. at 688.  The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687.  The Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'"  *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.  The Defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.  Unless the Defendant demonstrates both deficient performance and prejudice,

10

"it cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.  However, a court need not address both prongs if a Defendant fails to make a sufficient showing on either prong. *See, e.g., United States v. DeGroat,* 102 Fed. App'x 956, 959 (6th Cir. 2004).  "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland,* 466 at 689; *see also United States v. Morrow*, 977 F.2d 222, 230 (6th Cir. 1992).

### a.   Failure to Accurately Communicate at Trial

Defendant's first allegation regarding Ms. Hughes's assistance at trial contends she "failed to accurately communicate" at trial.  [DE 83-1 at 4].  Specifically, Defendant alleges Ms. Hughes was "not mentally adequate," was "not prepared," and was "not effective" as demonstrated by her statements at trial, and that her lack of preparedness was demonstrated by her requests for continuances. *Id.* at 4-5.  As to this claim of ineffective assistance of counsel, the Magistrate Judge concluded that Defendant cannot show deficient performance simply by citing to trial counsel's statements concerning continuing the trial, and Defendant does not object to these findings.  [DE 100 at 2].  In his Objections, Defendant states "[t]his is not about Ms. Hughes statement to the court." *Id.*

11

Reviewing Defendant's ineffective assistance of counsel claim based on Ms. Hughes's statements at trial and requests for continuances for clear error, the Court finds that the Magistrate Judge's conclusion on this claim is not clearly erroneous. Conclusory allegations, such as Defendant's assertion that "his attorney failed to accurately communicate" at trial with citations to colloquy taken out of context, fail to establish deficient performance as required by *Strickland* and fail to show entitlement to § 2255 relief.  *See Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000); *Robinson v. United States*, 582 F. Supp. 2d 919, 926 (N.D. Ohio 2008)(citing with approval several cases holding that vague and conclusory assertions in a § 2255 motion are insufficient to warrant relief).  For this reason, the Court accepts the findings of the Magistrate Judge as to Defendant's ineffective assistance of counsel claim premised on Ms. Hughes's statements at trial and requests for continuances and overrules Defendant's objections thereto.

### b.   Failure to Object at Sentencing

Defendant further alleges ineffective assistance of counsel with respect to Ms. Hughes's performance during sentencing.  [DE 83-1 at 3-6].  Specifically, Defendant asserts that Ms. Hughes failed to object to his sentence, failed to object to the district court's improper calculation of his advisory Guidelines Range, and

failed to object to the Presentence Investigation Report with regard to the amount of tax loss attributed to him. *Id*.

The Magistrate Judge found that each of these claims are nothing more than conclusory allegations, which fail to establish any entitlement to § 2255 relief. [DE 95 at 12]. With regard to Defendant's claim regarding Ms. Hughes's failure to object to the Guidelines Range and the sentence-level enhancement assessed for total amount of loss, the Magistrate Judge further found those issues were raised and dismissed on a direct appeal, and that a § 2255 defendant may not relitigate issues raised on direct appeal absent highly exceptional circumstances. *See DuPont v. United States*, 76 F.3d 108, 110-11 (6th Cir. 1996). Finally, the Magistrate Judge found that Defendant's *Alleyne* claim fails; given that Defendant never faced a mandatory minimum, *Alleyne* does not apply and any such objection is frivolous. *See Alleyne v. United States,* 133 S. Ct. 2151, 2155 (2013). [DE 95 at 13].

In the absence of objections, the Court reviews the Magistrate Judge's findings regarding Defendant's claim of Ms. Hughes's performance at sentencing for clear error, and finds no clear error in the Magistrate Judge's findings as to these claims.

### B. Findings to which Defendant Has Objected

The Court makes a de novo determination of those portions of the Magistrate Judge's Recommended Disposition to which objections have been made, including Defendant's claims of counsel's

13

inadequate preparation and actual innocence, and Defendant's requests for oral argument and a certificate of appealability. 28 U.S.C. § 636(b)(1)(C).

### 1. Counsel's Inadequate Preparation

In his reply brief, Defendant asserts entirely new arguments in support of his claim that counsel was ineffective at trial, including allegations that Ms. Hughes failed to investigate, locate, and present ten potential witnesses; failed to familiarize herself with the discovery materials provided by the United States as compared to Defendant's evidence; failed to discover that the Securities and Exchange Commission (SEC) was investigating Big Apple and had charged Big Apple with inflating client stock prices and a "pump-and-dump" scheme; and failed to discover the role of attorney Carmine Bua in the scheme. [DE 90 at 2-4]. In essence, Defendant's new assertion is that Ms. Hughes was inadequately prepared for trial by her alleged failure to investigate, evaluate, and present evidence of others' wrongdoings at trial. *Id*.

While Defendant objects to the Magistrate Judge's findings as to these arguments [DE 100 at 1-2], the Court respectfully concludes that the Magistrate Judge should have declined to make findings as to these newly raised arguments in the first instance. "It is well-established that a party, including a movant in a motion under § 2255, may not raise an argument for the first time in a reply brief." *Hadley v. United States*, No. 1:06-CR-5, 2010

14

WL 2573490, at *6 (W.D. Mich. June 22, 2010)(declining to address an additional argument that counsel was ineffective because it was first raised in the reply brief); *see also* Rule 2(b)(1) of the Rules Governing Section 2255 Proceedings for the United States District Courts (The motion must "specify *all* the grounds for relief available to the moving party."); *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001) ("We will generally not hear issues raised for the first time in a reply brief.").

Even though Defendant asserts entitlement to relief based on the ground of ineffective assistance of counsel claim in Ground Two of his motion to vacate, Defendant initially argued that Ms. Hughes was ineffective for failing to accurately communicate at trial and for failing to object at sentencing. [DE 83-1 at 3-7]. The argument contained in his reply brief is completely different: Ms. Hughes was ineffective at trial by failing to investigate and present certain evidence at trial. [DE 90 at 2-4]. Likewise, the Court declines to address the new ineffective assistance of counsel arguments raised in the reply brief for the first time.

Regardless, even if the Court were to construe the new arguments contained in Defendant's reply brief as properly asserted § 2255 claims, upon a de novo review of Defendant's claim of inadequate preparation by Ms. Hughes, the Court finds Defendant's new arguments to be meritless. Defendant has shown

neither of the *Strickland* elements to support his assertion that his attorney was ineffective.

In order to present a viable ineffective assistance of counsel claim based upon an alleged failure by counsel to call a witness to testify at trial, Defendant must "make an affirmative showing as to the identity and availability of the witness to testify, the details of what the uncalled witness would have testified to, and that the testimony of the uncalled witness would have produced a different, more favorable result at trial." *Talley v. United States*, No. 1:00-CV-74, 2006 WL 3422997, at *9 (E.D. Tenn. Nov. 27, 2006). Defendant has not claimed that he provided Ms. Hughes with the identity of the witnesses nor has Defendant submitted sworn statements from the uncalled witnesses proving they were available at trial and able to give favorable testimony to the defense as required to demonstrate prejudice. Rather, Defendant merely alleges that it is impossible to obtain affidavits from the witnesses due to "the possibility of pending criminal charges against them." [DE 100 at 3]. Yet, Defendant has not demonstrated that criminal charges have actually been brought against the individuals. Nor has Defendant provided details of what he, himself, believes that each potential witness's testimony would have been if called by Ms. Hughes and how the testimony would have changed the outcome of the jury's verdict other than a conclusory allegation that "the result of the proceeding would have been

totally different." [DE 90 at 3]. Mere hope that the uncalled witnesses could have aided in his defense is nothing more than conjecture.

The Court must review counsel's performance and tactical decisions, including whether to call or not call a witness, with deference. *See United States v. Morrow*, 977 F.2d 222, 229-230 (6th Cir. 1992); *Talley*, 2006 WL 3422997, at *1. The Court must also resist the role of "Monday morning quarterback," *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1991), and seek to "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Upon a de novo review of Defendant's claim with regard to failing to investigate and call witnesses, the Court finds that Defendant has failed to demonstrate ineffective assistance of trial counsel.

Defendant's allegation that trial counsel failed to familiarize herself with certain "discovery materials" in support of his ineffective counsel claim, including the suit involving Big Apple and the SEC investigation of Mr. Bua, is also unavailing. [DE 90 at 2-3]. Defendant has provided no evidence that Ms. Hughes did not have knowledge of this information or failed to investigate or familiarize herself with the information. Nor has Defendant demonstrated how he was prejudiced by Ms. Hughes's alleged failure to review the information. Defendant's broad objection that "[i]f Ms. Hughes had reviewed the evidence and presented it to the jury

...[i]t is more likely than not that no reasonable jury would have convicted Mr. Turek" is a conclusory allegation that, without more, fails to establish entitlement to § 2255 relief. *See Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000). Therefore, even if the Court were to construe the newly raised ineffective assistance of counsel claims in Defendant's reply as properly and timely asserted, the Court nevertheless overrules Defendant's objection and accepts the Magistrate Judge's recommendation on this issue for the reasons stated above.

### 2. Actual Innocence

Defendant contends he is actually innocent as supported by "[f]acts which were not presented at trial which would have made the out come [sic] totally different." [DE 100 at 2]. In order to prevail on a claim of actual innocence, a Defendant must demonstrate that "in light of all the evidence," "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). "'To be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citing *Schlup*, 513 U.S. at 329). "The [actual innocence] gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless

18

constitutional error.'"   *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1936 (2013) (quoting *Schlup*, 513 U.S. at 316).

The evidence that Defendant claims was not presented at trial but would have changed the outcome includes: (1) the fact that Big Apple, MJMM, and the officers of Big Apple (Marc Jablon, Mark Kaley, Matthew Maquire, and Keith Jablon) were in control of Plasticon stock and were found guilty in November of 2009 of engaging in a pump-and-dump scheme on behalf of Big Apple in a case captioned *U.S. Securities and Exchange Commission v. Big Apple Consulting USA*; (2) the testimony of Marc Jablon, Mark Kaley, Matthew Maquire, and Keith Jablon; and (3) the fact that attorney Carmine J. Bua, while representing Plasticon and Defendant before the SEC, had been suspended from appearing or practicing before the SEC and was under investigation by the SEC, as well as the testimony of Mr. Bua, which Defendant alleges would have been that Mr. Bua drafted numerous legal documents in furtherance of a fraudulent scheme to illegally issue free-standing shares. [DE 100 at 2-3]. With his reply, Defendant submits an April 4, 2013 online news article from Courthouse News Service reporting on the *U.S. Securities and Exchange Commission v. Big Apple Consulting USA* case. [DE 90-1 at 1]. With his Objections, Defendant includes the November 7, 2008 Order from the SEC suspending Mr. Bua from appearing or practicing before the SEC and a February 10, 2006 letter from Mr. Bua to the SEC. [DE 100-1].

The Court is not persuaded by Defendant's "new critical evidence." As to potential witnesses Marc Jablon, Mark Kaley, Matthew Maquire, MJMM, and Keith Jablon, Defendant has provided no evidence that these individuals are reliable witnesses who would have provided favorable testimony at trial. Defendant alleges that it is impossible to obtain affidavits from the witnesses due to "the possibility of pending criminal charges against them," however, does nothing to demonstrate that criminal charges have actually been brought against the individuals other than list the name of a civil suit. [DE 100 at 2]. Moreover, even if criminal proceedings have commenced against the potential witnesses, as discussed at length above, Defendant has failed to provide details of what Defendant, himself, believes would have been the potential witnesses testimony, and how said testimony would have changed the outcome of the jury's verdict.

The information concerning Mr. Bua is similarly not convincing. Again, Defendant has not shown by sworn statement from Mr. Bua that he was available to testify at trial or what his testimony would have been at trial, and there is no evidence that Mr. Bua's conduct would vindicate Defendant. The Court agrees with the Magistrate Judge's finding that "the exhibits [Defendant] attached to his reply purportedly establishing that his previously-mentioned cohorts were guilty of securities fraud are neither new nor exculpatory." [DE 95 at 14].

20

On the other hand, the Government has presented overwhelming evidence of Defendant's guilt of committing securities and tax fraud by swindling thousands of people out of millions of dollars and failing to report millions of dollars in income on his tax returns. *See United States v. Turek*, 563 F. App'x 469 (6th Cir. 2014) (summarizing evidence at trial); DE 64, Presentence Investigation Report, at 4-9; DE 77, Transcript of Sentencing, at 5. The record, considered as a whole, indicates that Defendant has not surpassed the intentionally high hurdle of proving actual innocence to excuse his procedural default. *See Peveler v. United States*, 269 F.3d 693, 700 (6th Cir. 2001). Therefore, because Defendant cannot show actual innocence, the issues that Defendant could have raised on direct appeal, but did not, are not excused from procedural default.

### 3.   **Evidentiary Hearing**

Section 2255 requires that a district court hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995). The Court adopts the recommendation of the Magistrate Judge on this issue that an evidentiary hearing is not required because the record conclusively shows that Defendant is entitled to no relief.

21

### 4.   Certificate of Appealability

Finally, the Court considers whether a certificate of appealability should issue in this matter with respect to Defendant's § 2255 claims as requested by Defendant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make this showing for constitutional claims rejected on their merits, Defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).  The "question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Miller-El*, 537 U.S. at 342.  As to claims denied on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In this case, the Court determines that no reasonable jurist would find the assessments on the merits to be wrong or debatable, likewise, no Certificate of Appealability should issue.  As to Defendant's claims which are procedurally barred, the Court finds

22

that no jurist of reason would find that the question of whether the motion states a valid claim of the denial of a constitutional right is debatable.  Nor would any jurist of reason find the correctness of the procedural rulings above to be debatable.  For these reasons, the Court adopts the well-articulated and detailed reasoning set forth in the Recommended Disposition of the Magistrate Judge to deny a Certificate of Appealability as to all claims.

## IV.  Conclusion

Accordingly, for the foregoing reasons, IT IS ORDERED:

(1) that the Recommended Disposition of Magistrate Judge Hanly A. Ingram [DE 95] is **ACCEPTED** and **ADOPTED** over Defendant's objections and **INCORPORATED** herein by reference;

(2) that Defendant's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 [DE 83] is **DENIED**;

(3) that Defendant's request for an evidentiary hearing [DE 83] is **DENIED**;

(4) that no certificate of appealability will issue with respect to any issue raised in Defendant's motion;

(5) that the proceeding filed pursuant to 28 U.S.C. § 2255 shall be **DISMISSED.**

This the 6th day of October, 2015.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge