UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Case No. |
| | ) | 5:11-cr-29-JMH-HAI |
| v. | ) | 5:14-cv-7368-JMH-HAI |
| | ) | |
| JAMES NORMAN TUREK, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\*

Defendant James Norman Turek has filed a pleading entitled Motion in Response to Memorandum Opinion and Order Dated October 29, 2015 [DE 104], in which he asks the Court to reconsider its Memorandum and Opinion of October 29, 2015 [DE 103] denying Defendant's Motion for a New Trial [DE 102].

The Court understands Defendant's pleading to be a motion to reconsider, and the Court declines to do so. A motion for reconsideration is considered by the Court as a Fed. R. Civ. P. 59(e) motion to alter or amend a judgment. *See Helton v. ACS Group,* 964 F.Supp. 1175, 1182 (E.D.Tenn.1997) (*citing Smith v. Hudson,* 600 F.2d 60, 62-63 (6th Cir. 1979)). The purpose of a Fed. R. Civ. P. 59(e) motion is to enable a Court to correct manifest errors of law or fact or to consider the importance of

newly discovered evidence. *Id.* at 1182. Thus, the Court will grant relief for said motion under the following circumstances:

> (1) [a]n intervening change of controlling law; (2) [e]vidence not previously available has become available; or (3) [i]t is necessary to correct a clear error of law or prevent manifest injustice.

*Id.* The law is clear in that Fed. R. Civ. P. 59 is not intended to allow a party to "rehash" old arguments, and a party should not file a motion to reconsider for the purpose of relitigating issues already presented before the Court. *Id.* Turek has not demonstrated that there has been a change in controlling law, that he now has in his possession evidence that was not previously available, or that relief is necessary to prevent manifest injustice with regard to the Court's decision not to consider his request as part of his Petition pursuant to 28 U.S.C. § 2255. Accordingly, his motion to reconsider shall be denied. The Court stresses that the jury having returned a guilty verdict in this case on June 22, 2012 [DE 45], the time for filing a motion for new trial pursuant to Rule 33 (i.e. within 3 years after the verdict or finding of guilty) has expired.

Accordingly, **IT IS ORDERED** that Turek's Motion to Reconsider, styled as Motion in Response to Memorandum Opinion and Order Dated October 29, 2015 [DE 104], shall be, and the same hereby is **DENIED**.

This the 24th day of November, 2015.

2



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge